UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IAN CONLEY, | ) | Case No. 3:17CV1469 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) | |
| NEIL TURNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | REPORT AND RECOMMENDATION |

Ian Conley ("Conley" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the magistrate judge pursuant to Local Rule 72.2. The petitioner is in the custody of the North Central Correctional Complex pursuant to journal entry of sentence dated November 20, 2015, in the case of *State v. Conley*, Case No. 15-CR-0159. (R. 1, PageID #: 1; RX 11.)

Conley filed the petition *pro se,* following his 2015 conviction for felony possession of cocaine, pursuant to a guilty plea, in the Marion County (Ohio) Court of Common Pleas. (R. 6, RX 11, PageID #: 91-92; R. 1, PageID #: 1.) The respondent has filed a Return of Writ (R. 6), Conley has filed a Traverse (R. 8), and the respondent filed a Reply (R. 9). For the following reasons, the magistrate judge recommends that the petition be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding, instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by the state courts are presumed correct. 28 U.S.C. 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court

factual findings are presumed correct unless rebutted by clear and convincing evidence.") The Ohio Third District Court of Appeals provided the following factual and procedural background:

> On April 23, 2015, the Marion County Grand Jury indicted Conley on: Count One of possession of heroin in violation of R.C. 2925.11(A), (C)(6), a second-degree felony; Count Two of possession of cocaine in violation of R.C. 2925.11(A), (C)(4), a first-degree felony; Count Three of trafficking in heroin in violation of R.C. 2525.03(A)(1), (C)(6), a fifth-degree felony; and Count Four of trafficking in cocaine in violation of R.C. 2925.03(A)(1), (C)(4), a fifth-degree felony. On April 27, 2015, Conley entered pleas of not guilty to the counts of the indictment.
>
> On June 15, 2015, Conley filed a motion to suppress evidence and a "motion for disclosure of identity of the informant." On July 1 and August 5, 2015, the State filed responses to Conley's "motion for disclosure of identity of the informant" and motion to suppress evidence, respectively. The trial court held a hearing on Conley's motions on August 6, 2015. The trial court overruled Conley's motion to suppress evidence and overruled as moot Conley's "motion for disclosure of identity of the informant."
>
> Meanwhile, on August 5, 2015, the State filed a motion to dismiss Counts Three and Four of the indictment. On August 6, 2015, the trial court granted the State's motion and dismissed Counts Three and Four of the indictment.
>
> On October 20, 2015, pursuant to a negotiated plea agreement, Conley pled guilty to Count Two of the indictment "in exchange for" the State agreeing to a dismissal of Count One of the indictment. The parties did not reach agreement regarding sentencing. The trial court accepted Conley's plea of guilty to Count Two of the indictment and entered a nolle prosequi to Count One, with Counts Three and Four having been dismissed previously.
>
> The trial court sentenced Conley on November 13, 2015. On November 20, 2015, the trial court filed its judgment entry of sentence.

(R. 6, RX 25, PageID #: 163-164; *State v. Conley*, No. 9-16-10, 2016 WL 7626218, at *1 (Ohio Ct. App. Dec. 27, 2016) (internal citations omitted).)

On delayed direct appeal, Conley raised two assignments of error:

1. Appellant's guilty plea was not entered into knowingly and voluntarily due to ineffective assistance of counsel.

2

>   2. Appellant was denied his Sixth Amendment right to counsel due to the ineffective assistance of trial counsel.

(R. 6, RX 18, PageID #: 110.) On December 27, 2016, the court of appeals affirmed the judgment of the trial court. (R. 6, RX 25; *Conley*, 2016 WL 7626218.)

Conley appealed that decision to the Supreme Court of Ohio, raising the following three propositions of law:

>   1. The Defendant-Appellant's United States Constitution Fourteenth Amendment right [was] violated when the Appellate Court affirmed the Trial Court's judgment of conviction and sentence.
>
>   2. The Defendant-Appellant's right to effective assistance of counsel was violated when his plea of guilty was not entered into knowingly and voluntarily.
>
>   3. The Defendant-Appellant's Sixth Amendment right of effective assistance of counsel was violated pursuant to the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647.

(R. 6, RX 27, PageID #: 176.) On May 31, 2017, the Supreme Court of Ohio declined jurisdiction of his appeal. (R. 6, RX 28; *State v. Conley*, 149 Ohio St.3d 1421, 75 N.E.3d 237 (2017).)

Conley filed a motion to withdraw his guilty plea on April 13, 2017, arguing that his plea was not entered into knowingly and voluntarily. (R. 6, RX 32.) The court denied the motion on the basis of res judicata, because Conley had already raised the claim in his direct appeal. (R. 6, RX 34.) Conley did not appeal the trial court's denial of his motion to withdraw plea.

In his federal habeas petition, Conley raises two grounds for relief:

>   1. The petitioner's United States Constitution Sixth Amendment right to effective assistance of counsel was violated when his plea of guilty was not entered into knowingly and voluntarily.

2. The petitioner's Sixth Amendment right to effective assistance of counsel was violated pursuant to the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 647.

(R. 1, § 12.)

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

In addition, a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003). A state court decision is not unreasonable simply because the federal court

4

considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Conley has filed his petition *pro se*. The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who decide to proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Both grounds of the petition are based on arguments that Conley received ineffective assistance of trial counsel. The first ground is that his Sixth Amendment right to effective assistance of counsel was violated when his plea of guilty was not entered into knowingly and voluntarily. (Doc. 1, PageID #: 4.) In his supporting facts, Conley states that trial counsel advised him to plead guilty, rather than no contest, despite knowing that Conley wished to appeal the denial of his motion to suppress. *Id.* at 5. He asserts that counsel failed to advise him that pleading guilty would limit his ability to appeal the denial of the motion to suppress. *Id.*

The second ground is that Conley's right to effective assistance of counsel was violated under the standards set forth in *Strickland v. Washington*. (Doc. 1, PageID #: 6.) In his supporting facts, Conley states trial counsel advised him that "even though he pleads guilty to the crimes charged, he could still appeal the trial court's decision denying the motion to suppress

5

evidence obtained by the defective search warrant in this case." *Id.* Conley raised both of these claims on direct appeal. (R. 6, RX 18, PageID #: 114-117.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012); *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The Sixth Circuit discussed the general standard for ineffective assistance of counsel in *Monzo v. Edwards*:

> To establish ineffective assistance of counsel under *Strickland*, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). *See generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

This habeas court must approach the state court's rulings in a highly deferential manner. The Supreme Court stated that the "pivotal question" of whether the state court's application of *Strickland* standard was unreasonable is different from simply deciding whether counsel's performance fell below *Strickland*'s standard. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. When a habeas petitioner asks the court for relief based on ineffective assistance of counsel concerning a plea, the Supreme Court requires the district court

6

to use a "doubly deferential" standard of review that gives both the state court and the defense attorney the benefit of the doubt. *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *McGowan v. Burt*, 788 F.3d 510, 513-514 (6th Cir. 2015), *cert. denied*, 136 S.Ct. 415 (2015).

The Court in *Richter* instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103; *see also Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 566 U.S. 991 (2012) (quoting *Richter*). The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so. *Id.* at 102; *see also Montgomery*, 654 F.3d at 676.

The state court of appeals addressed Conley's claim(s) as follows:

A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). To show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, quoting *Strickland* at 694.

"All guilty pleas must be made knowingly, voluntarily, and intelligently." *State v. Moll*, 3d Dist. Defiance Nos. 4-14-17 and 4-14-18, 2015-Ohio-926, ¶ 9, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "A claim of ineffective assistance of counsel is waived by a guilty plea, unless the counsel's conduct affected the

7

voluntary nature of the plea." *State v. Haskell*, 3d Dist. Seneca No. 13–14–42, 2015–Ohio–1885, ¶ 7, citing *State v. Mata*, 3d Dist. Allen No. 1–0454, 2004–Ohio–6669, ¶ 13, citing *State v. Spates*, 64 Ohio St.3d 269, 272 (1992). To prevail on a claim of ineffective assistance of counsel in the context of a guilty plea, a defendant must show that (1) counsel's performance was deficient, and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985) and *Strickland* at 687.

We begin by pointing out that Conley does not argue that the trial court failed to satisfy its Crim.R. 11 obligations in its colloquy with him at the change-of-plea hearing. Indeed, at the change-of-plea hearing, the trial court explained to Conley the rights that he waives by pleading guilty. (Oct. 20, 2016 Tr. at 2–8). Conley indicated at the change-of-plea hearing that his trial counsel explained to him the consequences of entering a guilty plea and that Conley had confidence in the advice his trial counsel gave him. (*Id.* at 3). Nevertheless, in this appeal, Conley argues that his guilty plea was not made knowingly, voluntarily, and intelligently because his trial counsel failed to inform him that, by pleading guilty, he would not be able to appeal the trial court's decision concerning his motion to suppress evidence. Accordingly, we will address whether Conley's trial counsel performed deficiently, and, if so, whether Conley would have not pled guilty but for that deficient performance.

We conclude that Conley failed to satisfy his burden of demonstrating ineffective assistance of counsel. At least one appellate district in Ohio, in applying *Strickland*'s two-part test to arguments such as the one Conley makes in this appeal, "require[s] a defendant to establish the following when arguing that counsel was ineffective for allowing the defendant to plead guilty, as opposed to no contest: (1) the State would have agreed to a no-contest plea on the same terms; (2) counsel failed to advise the defendant that a no-contest plea, in contradistinction to a guilty plea, would preserve the pretrial issue for appeal; and (3) had defendant been so advised, the defendant would have rejected the plea offer." *State v. Frazier*, 2d Dist. Montgomery Nos. 26495 and 26496, 2016-Ohio-727, ¶ 82, citing *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 17. *See also McGlown* at ¶ 14, citing *Strickland*, 466 U.S. 668, 104 S.Ct. 2052. The record fails to establish any of these facts.

First, there is no evidence in the record that the State would have agreed to a no-contest plea on the same terms. *See State v. Corpening*, 11th Dist. Ashtabula No.2011-A-0005 and 2011-A-0006, 2011-Ohio-6002, ¶ 41 ("Mr. Corpening claims his counsel should have had him enter a 'no contest' plea in order to preserve the suppression issue on appeal. Yet, he has offered no evidence that a 'no contest' plea was ever an option in the plea negotiations, or, if it was, he would have received similar favorable terms in exchange for that plea."). Indeed,

8

the transcript of the change-of-plea hearing reveals that — in the words of Conley's trial counsel — Conley agreed to plead guilty to Count Two "in exchange for" dismissal of Count One. (Oct. 20, 2015 Tr. at 2). Also, the written plea agreement indicates that Conley's plea of guilty to Count Two was "in consideration of" dismissal of Count One. (Doc. No. 53). *See Frazier* at ¶ 83 ("The plea form indicates that Frazier voluntarily agreed to plead guilty to having weapons while under disability, in exchange for which the State agreed to dismiss the charge of carrying a concealed weapon * * *."). As a result of the plea agreement, Conley's maximum possible sentence was capped at 11 years. *See McGlown* at ¶ 16 ("As a result of the plea agreement, [the defendant's] sentence was capped at four years. That was substantial consideration for her plea."). In short, Conley "does not cite to anything in the record regarding the possibility of a no contest plea." *Frazier* at ¶ 83.

Second, there is no evidence in the record that Conley's trial counsel failed to advise him that a no-contest plea, in contradistinction to a guilty plea, would preserve the suppression-of-evidence issue for appeal. Conley concedes that the record contains no reference to the advice he received from his trial counsel concerning his plea. (See Appellant's Brief at 4[1]). *See State v. Jacobson*, 4th Dist. Adams No. 01CA730, 2003-Ohio-1201, ¶ 15 ("Because the record is silent on this issue, Jacobson's assertion that trial counsel did not inform him that a guilty plea would waive his right to appeal the trial court's decision on his motion to suppress has to rely on evidence outside the record. In a direct appeal, we cannot consider such matters * * *."). Therefore, we have nothing but Conley's conclusory and self-serving statements concerning the advice he received from his trial counsel, and these statements cannot satisfy his burden of overcoming "the strong presumption that his trial counsel acted reasonably." *Jacobson* at ¶ 15. *See also Frazier* at ¶ 83 ("The mere fact that the defendant's guilty plea waived the ability to challenge pretrial rulings does not, without more, demonstrate deficient performance by counsel.").

For the reasons above, Conley failed to demonstrate that his trial counsel's performance was deficient. *See Corpening* at ¶ 41 ("Given this record, we discern no deficiency in counsel's performance in negotiating a plea bargain to eliminate the risk of Mr. Corpening's receiving a longer sentence after trial, in light of the uncertainty of a reversal of the trial court's denial of the motion to suppress."); *State v. Wilson*, 6th Dist. Lucas No. L-04-1264, 2006-Ohio-468, ¶ 24 ("Trial counsel's inability to sell the prosecution a one-sided deal is not indicative of ineffective assistance of counsel."). Accordingly, we need not address the prejudice prong of the ineffective-assistance-of-counsel test—namely, whether there is a reasonable probability that, but for counsel's errors, the defendant would have rejected the plea offer and not pled guilty. Nevertheless, Conley has cited

---

[1] [*See* R. 6, RX 18, PageID #: 116.]

9

> nothing in the record indicating that, but for his trial counsel's allegedly deficient performance, he would have rejected the plea offer and not pled guilty. *See Corpening* at ¶ 42-43.
>
> We hold that Conley has not demonstrated that he received ineffective assistance of counsel. Accordingly, we further hold that Conley has not demonstrated that his guilty plea was not knowing, voluntary, and intelligent.

(R. 6, RX 25, PageID #: 166-171; *Conley*, 2016 WL 7626218, at \*2-\*4.)

Petitioner's Traverse presents arguments that range beyond the specific Sixth Amendment claims he raised in his petition—such as citing Ohio criminal procedural rules regarding withdrawing guilty pleas and the time for executing search warrants, and seeking to re-argue his underlying suppression motion—in addition to arguing in a conclusory manner that his trial counsel's performance was deficient. (R. 8.) He, however, does not establish that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

Applying *Strickland*, along with state law to determine specifically whether counsel was ineffective for allowing the defendant to plead guilty as opposed to no contest, the state court of appeals found that Conley failed to demonstrate that his trial counsel's performance was deficient. The appellate court's decision concluded, in pertinent part, 1) "there is no evidence in the record that the State would have agreed to a no-contest plea on the same terms" and 2) "there is no evidence in the record that Conley's trial counsel failed to advise him that a no-contest plea, in contraindication to a guilty plea, would preserve the suppression-of-evidence issue for appeal." (R. 6, RX 25, PageID #: 166-170; *Conley*, 2016 WL 7626218, at \*2-\*4.) The Supreme Court has clarified, in a similar context, that without evidence that defense counsel gave

10

incorrect advice, or that he failed to give material advice, the petitioner cannot meet his burden to show that counsel's performance was deficient. *Titlow*, 571 U.S. at 22-23.

Because the court found that counsel's performance was not deficient, the court was not required to address the prejudice prong of the ineffective-assistance-of-counsel test. (R. 6, RX 25, PageID #: 170; *Conley*, 2016 WL 7626218, at *4; *see generally Morris v. Carpenter*, 802 F.3d 825, 842 (6th Cir. 2015), *cert. denied*, 137 S.Ct. 44 (2016) (because counsel's performance was not constitutionally deficient, court need not address prejudice prong of *Strickland* analysis); *Davis v. Lafler*, 658 F.3d 525, 538 (6th Cir. 2011), *cert. denied,* 566 U.S. 947 (2012) (citing *Strickland*, 466 U.S. at 700).)

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in *Titlow* and *Richter*, the court finds that Conley has failed to demonstrate that the state court erred. *Richter*, 562 U.S. at 103. Conley has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. Therefore, the petition should not be granted.

## IV. CONCLUSION

The petition for a writ of habeas corpus should be denied, for the foregoing reasons.

s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge

Date: June 10, 2019

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).